# United States Court of Appeals

## For the First Circuit

No. 05-1366

UNITED STATES OF AMERICA,

Appellee,

v.

VICTOR RIVERA, a/k/a "GENO,"

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. F. Dennis Saylor IV, U.S. District Judge]

Before

Lipez, Circuit Judge,

Hug,* Senior Circuit Judge,

and Howard, Circuit Judge.

Joseph S. Berman, with whom Berman & Dowell was on brief, for appellant.
Paul G. Casey, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney, was on brief, for appellee.

May 19, 2006

*Of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

HOWARD, **Circuit Judge**.  Victor Rivera was sentenced to 188 months of imprisonment for distributing heroin and being a felon in possession of a firearm.  See 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1).  His sentencing occurred between the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) (declaring the federal sentencing guidelines advisory), and this court's en banc decision in United States v. Jiménez-Beltre, 440 F.3d 514 (1st Cir. 2006) (instructing district courts on the process for imposing sentence post-Booker).  On appeal, Rivera claims that the district court erred by not following the correct sentencing process and that the sentence imposed was unreasonable.  We affirm.

The essential facts are not in dispute.  In January 2003, undercover Worcester, Massachusetts police officers purchased $160 worth of heroin from Rivera.  Several weeks later, state investigators searched Rivera's residence and uncovered a semi-automatic pistol hidden in a baby's carriage.  Rivera was arrested and admitted that he owned the gun, which was later determined to have traveled in interstate commerce.  He was eventually prosecuted in federal court, where he pleaded guilty to distributing heroin and being a felon in possession of a firearm.

The district court sentenced Rivera on March 4, 2005.  The court began by explaining its methodology for imposing sentence:

-2-

> [W]hat I intend to do is to go through a guidelines sentencing calculation as the first step . . . then consider whether there is an available departure within the guideline framework . . . and then consider whether a nonguidelines sentence is appropriate, that is, one that varies or deviates from the guidelines themselves.

The court determined that Rivera was subject to a mandatory minimum sentence of 180 months because he was a career offender under U.S.S.G. § 4B1.1(a) and an armed career criminal under 18 U.S.C. § 924(e)(1). It then determined that Rivera had a total offense level of 31 and a criminal history category of VI, which yielded a guidelines sentencing range (GSR) of 188 to 235 months. Rivera did not object to this calculation and did not request that the court grant a departure under the guidelines framework.

After determining the GSR, the court entertained "the possibility of a nonguideline sentence." Rivera argued for such a sentence because he deemed it unfair that he had been prosecuted in the federal system, where the penalties for drug offenses are stiffer than in the state system. The court rejected this argument because, absent extraordinary circumstances, the executive branch decides which cases to prosecute in federal court and Rivera's sentence should not be affected by this decision.

On its own, the court raised the possibility of a sentence below the applicable GSR because Rivera's parents were drug addicts who had served time in prison during his youth. While acknowledging these "tragic" circumstances, the court

concluded that they did not "absolve [Rivera] of blame" for his crimes.

The court ultimately imposed a 188-month sentence, eight months longer than the minimum sentence mandated by 18 U.S.C. § 924(e)(1) and advised by U.S.S.G. § 4B1.1(a). In reaching this conclusion, the court stated:

> The guideline range begins at 188 months. I see no reason to go and sentence above the minimum guideline range. It is certainly questionable whether the additional eight months adds anything meaningful by way of deterrence or rehabilitation; but on balance, I do not see that this case is sufficiently extraordinary in my mind, or that there are clearly persuasive reasons to impose a nonguidelines sentence.

We review challenges to sentencing process -- i.e., error of law -- de novo. See United States v. Robinson, 433 F.3d 31, 35 (1st Cir. 2005). Reasonableness challenges -- i.e. challenges to errors of judgment -- are reviewed with "some deference . . . [a]ssuming a plausible explanation and a defensible overall result." Jiménez-Beltre, 440 F.3d at 519. Rivera's primary argument is that the district court committed an error of law by treating the guidelines as mandatory in imposing his sentence. He contends that, because the court required him to identify specific reasons for imposing a sentence below the GSR, it treated "the guidelines as de facto mandatory" and improperly

"placed the burden on [him] to prove that the sentence should fall below the mandatory guideline range."

In Booker, the Supreme Court held that mandatory guidelines sentences based on judge-made findings of fact violate the Sixth Amendment, but that this constitutional deficiency could be cured by treating the guidelines as "effectively advisory." 543 U.S. at 245. We have construed Booker to hold that sentences post-Booker are reviewed on appeal for "reasonableness" whether the sentences imposed was inside or outside the GSR. See Jiménez-Beltre, 440 F.3d at 517.

Notwithstanding the recasting of the guidelines as advisory, they remain "an important consideration in sentencing." Id. at 518. "[T]he guideline range, taking applicable departures into account, is the starting point for [the] analysis . . . ." United States v. Saez, -- F.3d --, 2006 WL 888127, at *2 (1st Cir. Apr. 6, 2006) (citing Jiménez-Beltre, 440 F.3d at 518). From there, the proponent of a higher or lower sentence may offer reasons and facts to persuade the district court to impose a sentence outside the GSR. See id. The party seeking a nonguidelines sentence, whether the defendant or the government, bears the burden of "providing the basis" to support such a sentence. See Jiménez-Beltre, 440 F.3d at 519.

The district court here correctly anticipated this approach to sentencing. It first calculated Rivera's GSR and

considered whether there was a ground for a departure. It then permitted the parties to offer arguments for imposing a sentence outside the GSR. After considering these arguments, the court determined that neither side had offered a persuasive reason for imposing a nonguidelines sentence, and that a sentence at the low end of the GSR was warranted. This approach tracks the analysis prescribed in Jiménez-Beltre, 440 F.3d at 518-19. Accordingly, the district court did not err in asking Rivera to provide a reason why he should be sentenced below the GSR.

Rivera also contends that the district court committed a legal error by stating that his case was not sufficiently "extraordinary" to warrant a below-guidelines sentence. According to Rivera, this statement indicates that the court did not understand the latitude that it possessed to impose a nonguidelines sentence. We disagree.

Rivera is correct that a party need not make an "extraordinary" showing in order to persuade the district court that a sentence below the GSR is warranted. Compare Jiménez-Beltre, 440 F.3d at 519. Yet, we do not understand the court to have imposed such a requirement here. Shortly after using the word "extraordinary," the court explained that it would not sentence Rivera below the GSR because there were no "clearly persuasive reasons" for such a sentence. In Jiménez-Beltre, we affirmed the district court's rejection of an argument in favor of

-6-

a sentence below the GSR where the party proposing such a sentence had not provided "clearly identified and persuasive" reasons for such a sentence. 440 F.3d at 517-19. We read the district court to have engaged in a substantially similar (and unobjectionable) analysis here.

Finally, Rivera argues that, even if the district court did not commit a legal error in the sentencing process, the sentence imposed is unreasonable. He contends that a sentence in excess of 15 years is unreasonable in light of his troubled childhood as the son of drug-addicted parents.

In reviewing a sentence for reasonableness, we stress the need for "a plausible explanation and a defensible overall result." Jiménez-Beltre, 440 F.3d at 519. The district court permissibly considered Rivera's childhood in its sentencing calculus, see United States v. Smith, --F.3d--, 2006 WL 893622, at *3 (1st Cir. Apr. 7, 2006), but stated that "a tragic childhood does not absolve the defendant of blame" and that, "under the circumstances," Rivera's childhood was not a ground for a below-guidelines sentence. The court also stated that the low-end of the GSR was appropriate in light of Rivera's "criminal history." We cannot say that this line of reasoning was unreasonable in

light of Rivera's multiple prior convictions and the court's plausible explanation for the sentence imposed.[1]

**<u>Affirmed</u>**.

---

[1]Rivera also challenges the district court's determination that he was subject to a 180-month mandatory minimum sentence as an armed career criminal under 18 U.S.C. § 924(e)(1). The argument is without merit. In the first place, Rivera failed to challenge the correctness of the court's guidelines calculation (and in fact admitted the correctness of the GSR). Having forfeited his challenge to the guidelines calculation, our review is for plain error. <u>See</u> <u>United States</u> v. <u>Rodriquez</u>, 311 F.3d 435, 437-38 (1st Cir. 2002). Even assuming that the court committed plain error by concluding that Rivera was an armed career criminal (which we doubt), this error was harmless because his sentence was independently justified under the career criminal guideline, U.S.S.G. § 4B1.4, which yields the same sentencing range and the armed career criminal guideline, and which Rivera does not challenge. Rivera's argument that, under the Sixth Amendment, his prior convictions must be proven to a jury beyond a reasonable doubt is likewise unavailing, given out express rejection of this argument in <u>Jiménez-Beltre</u>, 440 F.3d at 520.