**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 06-1045

UNITED STATES OF AMERICA,

Appellee,

v.

OSCAR E. TRINIDAD-RODRÍGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Lipez, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

Elizabeth Caddick on brief for appellant.
Teresa A. Wallbaum on brief for appellee.

November 9, 2006

**Per Curiam**.    Defendant Oscar E. Trinidad-Rodríguez ("Trinidad") appeals from his within-guidelines sentence, imposed after United States v. Booker, 543 U.S. 220 (2005), on the grounds that the district court gave too much weight to the guidelines and too little to his individual history and characteristics, particularly his lack of a prior criminal record and his otherwise productive life both before and after his conviction.   After careful review of the parties' briefs and the underlying record, we affirm the sentence.

Although Trinidad does not dispute the accuracy of the district court's calculation of his advisory guidelines sentencing range of 41 to 51 months, he faults the court for relying too heavily on that range in crafting the ultimate 41-month sentence. In particular, he focuses on the district court's statement that Trinidad's proffered mitigating circumstances were not sufficiently "compelling," "substantial," or "extraordinary," to warrant a below-guidelines sentence.

In another case where a judge used similar terminology-- also, as here, without the benefit of our subsequent guidance as to the appropriate sentencing protocol post-Booker--we agreed that "a party need not make an 'extraordinary' showing in order to persuade the district court that a sentence below the G[uidelines] S[entencing] R[ange] is warranted." United States v. Rivera, 448 F.3d 82, 85 (1st Cir. 2006).  But we declined to view such language

as "indicat[ing] that the court did not understand the latitude it possessed to impose a nonguidelines sentence." Id. Rather, reading that language in context, we deemed the district court "to have engaged in a substantially similar . . . analysis" to that which we endorsed in United States v. Jiménez-Beltre, 440 F.3d 514, 517-19 (1st Cir. 2006) (en banc), i.e., requiring the proponent of a nonguidelines sentence to provide "persuasive" reasons for such a sentence, Rivera, 448 F.3d at 85 (citing Jiménez-Beltre, 440 F.3d at 517-19). See also United States v. Feliz, 453 F.3d 33, 38 (1st Cir. 2006) (declining to remand for resentencing where, despite its phraseology, "[t]he court's understanding of Booker was substantially correct"); United States v. Navedo-Concepción, 450 F.3d 54, 57 (1st Cir. 2006) (same).

We read the district court's decision here the same way. Despite its choice of words, it is clear, in context, that the district court understood that it was required to--and did in fact--consider not only what it characterized as the "now-advisory" guidelines sentencing range but also the other sentencing factors set forth in 18 U.S.C. § 3553(a). In particular, the court expressly considered the individual circumstances that Trinidad brought to its attention--that other than the instant offense, he was a productive member of society, a good father, and a law-

abiding citizen both before and after his conviction[1]--but was not persuaded that those circumstances warranted a below-guidelines sentence. As grounds for reaching that conclusion, the court was presumably more impressed by the government's counter-arguments that the seriousness of the instant offense--in which Trinidad personally laundered $330,000 of funds in multiple transactions over a substantial period of time--warranted a within-guidelines sentence, which already took into account his first-offender status, rather than the probationary sentence that Trinidad requested. The court nevertheless presumably took those factors into account in sentencing Trinidad to the bottom of the applicable sentencing range, rather than the top as the government had recommended. We see nothing implausible about that implicit explanation or unreasonable about the resulting 41-month sentence.

"If the court had completely disregarded the[] sentencing factors [that Trinidad relied upon], this might be a different case. Here, however, the record makes manifest that the judge pondered . . . the . . . factors cited by [Trinidad]; he simply came to a different, yet altogether plausible, conclusion as to their salience." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). Under those circumstances, we defer to the district

---

[1]Since his original sentencing, he has been released on bail and has been gainfully employed as the manager of an auto repair store in Florida.

-4-

court's on-the-scene judgment.  Id. at 204; Jiménez-Beltre, 440 F.3d at 519.

Affirmed.  See 1st Cir. R. 27(c).