**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 07-1624

UNITED STATES OF AMERICA,

Appellee,

v.

ROBERT ALFANO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

---

Before

Lynch, Lipez and Howard,
Circuit Judges.

---

David Shaughnessy on brief for appellant.
Margaret D. McGaughey, Appellate Chief, and Paula D. Silsby,
United States Attorney, on brief for appellee.

---

April 2, 2008

---

**Per Curiam**.  This sentencing appeal raises a single issue--whether the district court plainly erred in concluding that, in committing bank fraud, defendant "used a[] means of identification unlawfully to produce or obtain any other means of identification" within the meaning of USSG § 2B1.1(b)(10)(C)(i), and therefore increasing his offense level and resulting guidelines sentencing range.[1]  As defendant acknowledges, because he did not raise this issue below, our review is for plain error only.[2]  Finding none, we affirm.

Defendant makes a three-pronged attack on the enhancement.  Only the first prong is developed in any depth in defendant's opening brief.  Assuming that the second two prongs nevertheless warrant appellate review, but see United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (holding that undeveloped arguments are waived), they do not rise to the level of plain error.

Defendant's first argument is that he used the name of a fictitious person to cash one of the counterfeit checks that was

---

[1]With the challenged enhancement, defendant's guidelines sentencing range was 24 to 30 months, and the court sentenced defendant to the bottom of that range.  Without the enhancement, the range would be 9 to 15 months.

[2]The government argues that defendant not merely forfeited this argument but affirmatively waived it by not objecting to the enhancement at sentencing and assuming that it applied in arguing for a below-guidelines sentence.  Such conduct, however, amounts to a forfeiture, not a waiver.  See United States v. Rivera, 448 F.3d 82, 86 n.1 (1st Cir. 2006).

the subject of the indictment.[3]  It is true that the phrase "means of identification" as used in section 2B1.1(b)(10)(C)(i) includes only means of identification of "an actual (i.e., not fictitious) individual." USSG § 2B1.1., comment. (n.9(A)).  However, the means used here included not only the fictitious name of one of the payees, but also the account number[4] of Toys R Us and the payor name of Atlantic Coast Contractors, both actual entities.[5]  The fact that the name of a fictitious person was also used on one of the checks is immaterial since the applicable definition of "means of identification" includes "any name or number that may be used, alone or in conjunction with any other information." 18 U.S.C. § 1028(d)(7) (emphasis added).  Similarly, the fact that defendant

---

[3]The indictment, to which defendant pled guilty, charged him with obtaining money in the custody of a federally insured bank, the Bank of New York, by means of false and fraudulent pretenses, and aiding and abetting his wife to do so, all in violation of 18 U.S.C. § 1344.  Those pretenses, which defendant admitted to, involved creating and using counterfeit checks bearing the account number of Toys R Us and the payor name of Atlantic Coast Construction.

[4]Bank account numbers are clearly "means of identification." See USSG § 2B1.1, comment. (n.9(A)) (incorporating the definition contained in § 1028(d)(7)); 18 U.S.C. § 1028(d)(7)(C) (defining means of identification to include "any . . . unique electronic identification number . . . or routing code"); see also United States v. Scott, 448 F.3d 1040, 1045 (8th Cir. 2006).

[5]In his reply brief, defendant argues, for the first time, that those entities were not "individuals" within the meaning of application note 9(A) or 18 U.S.C. § 1028(d)(7).  We therefore do not consider that question here. See United States v. Eirby, 515 F.3d 31, 37 n.4 (1st Cir. 2008) (deeming arguments raised for the first time in appellant's reply brief to be waived).

also used a fake driver's license purporting to identify him as Steven Chapman, is equally immaterial. In fact, at the change of plea hearing, the prosecution expressly disavowed any reliance on defendant's production or use of that license.

Defendant's second argument focuses on the requirement that the means of identification used must be of persons "other than the defendant" himself. USSG § 2B1.1, comment. (n.9(A)). As already indicated, the means of identification used here were of two entities--Toys R Us and Atlantic Coast Contractors--other than the defendant himself. So that argument clearly fails.

Defendant's third argument--if preserved and further developed--might have presented a closer question. That argument-- in enhanced form--appears to be that section 2B1.1(b)(10)(C)(i) requires that two means of identification be used, one to create the other, and that, here, the second means is absent. In other words, even if defendant used "means of identification" to produce the counterfeit checks, those checks were not "another means of identification," like a credit card, a driver's license, or a bank loan, the examples used in the background note to section 2B1.1.

What constitutes "another means of identification" for this purpose is far from clear under the guidelines themselves or existing caselaw. This court has never considered the question. In a case factually similar to this one, one circuit concluded that the enhancement applied to using other names and account numbers to

produce counterfeit checks.  <u>Scott</u>, 448 F.2d at 1045.  Other jurists have reached differing conclusions while agreeing that the "convoluted language" of the guideline and commentary is difficult to parse.  <u>See</u> <u>United States</u> v. <u>Melendrez</u>, 389 F.3d 829, 831-37 (9th Cir. 2004); <u>id.</u> (dissenting opinion) at 837-40; <u>see also</u> <u>United States</u> v. <u>Newsome</u>, 439 F.3d 181, 187 n.7 (3d Cir. 2006) (declining to follow <u>Melendrez</u>).  Given that state of the law, we cannot say that any error in applying that enhancement here was sufficiently "plain" to warrant correction in the absence of preservation.  <u>United States</u> v. <u>Goodhue</u>, 486 F.3d 52, 58 (1st Cir. 2007).  As we have previously explained, "[t]he plain error doctrine is premised on the assumption that parties must take responsibility for protecting their legal rights and, accordingly, that only the clearest and most serious of forfeited errors should be corrected on appellate review."  <u>United States</u> v. <u>Padilla</u>, 415 F.3d 211, 223-24 (1st Cir. 2005) (en banc).  The errors alleged here are not of that clarity or caliber.

<u>Affirmed</u>.