**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

---

No. 09-1055

UNITED STATES OF AMERICA,

Appellee,

v.

LARRY MACK,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

---

Before

Torruella, Lipez and Howard,
Circuit Judges.

---

Jean C. LaRocque and Shea and LaRocque, on brief for appellant.
Todd E. Newhouse, Assistant U.S. Attorney, and Michael K. Loucks, Acting United States Attorney, on motion for summary disposition.

---

September 22, 2009

---

**Per Curiam**.  In this direct appeal from his sentence, the defendant argues that the district court plainly erred in finding him to be an armed career criminal and abused its discretion in giving excessive weight to deterrence in sentencing him to 262 months' imprisonment, the low end of the applicable guideline sentencing range.  The government has moved for summary disposition.  As further explained below, we grant the motion and summarily affirm the sentence because any error in determining the defendant's armed career criminal status was harmless since the same guideline range resulted from the defendant's career offender status, which he does not challenge, and because the defendant's sentence was not substantively unreasonable under the applicable standards of appellate review.

With respect to his armed career criminal designation, the defendant objects to the use of his prior convictions for assault and battery and larceny from a person as predicates because, he argues, those convictions were not for "violent felon[ies]" within the meaning of 18 U.S.C. § 924(e).  He also argues that another conviction was erroneously used as a predicate "prior" conviction because that conviction occurred after part of the instant offense conduct.  As the defendant acknowledges, because he did not object to his armed career criminal designation below, his challenges to that designation are reviewable only for

-2-

plain error.  United States v. Peralta, 457 F.3d 169, 171 (1st Cir. 2006) (per curiam).

We need not determine whether those purported errors satisfy the first two prongs of that demanding standard--i.e., whether an error occurred, United States v. Olano, 507 U.S. 725, 733-34 (1993), and, if so, whether it was sufficiently "clear" or "obvious," id. at 734--because, as the government argues, any errors in categorizing the defendant as an armed career criminal did not affect the defendant's substantial rights, Olano, 507 U.S. at 734.  That is so because, as in United States v. Rivera, 448 F.3d 82 (1st Cir. 2006), "his sentence was independently justified under the career [offender] guideline, . . . , which yields the same sentencing range [as] the armed career criminal guideline, and which [the defendant] does not challenge."  Id. at 86 n.1.

Nor was his sentence substantively unreasonable.  The defendant's only argument in that regard is that the court gave excessive weight to the need for general deterrence.  That contention lacks factual or legal support.  Although the court did emphasize that factor, it also expressly considered the "extremely serious" nature of the offense, particularly the defendant's possession of two high-caliber handguns with "hundreds of rounds of ammunition[]," which "will blow a hole in you as big as your fist," and his criminal record, which contained "a lot of prior convictions."  The court also considered, but either discredited or

discounted, the defendant's family ties and responsibilities; his employment history; his asserted benign motives for committing the instant drug offenses; and his potential to be a successful member of society.  Under the deferential abuse-of-discretion standard that applies to a district court's procedurally sound sentencing decisions,[1] <u>United States</u> v. <u>Martin</u>, 520 F.3d 87, 92, 96 (1st Cir. 2008), it is not for this appellate court to second-guess the weight given to particular factors.  Rather, absent a procedural error or an abuse of discretion, neither of which is present here, such balancing is for the sentencing court,  <u>United States</u> v. <u>Rodriguez</u>, 525 F.3d 85, 110 (1st Cir. 2008), particularly where, as here, the ultimate sentence falls at the bottom of the applicable guideline range, <u>United States</u> v. <u>Smith</u>, 531 F.3d 109, 111 (1st Cir. 2008).

Accordingly, the government's motion for summary disposition is <u>granted</u> and the defendant's sentence is summarily <u>affirmed</u>.  <u>See</u> 1st Cir. R. 27.0(c).

---

[1]The defendant does not challenge the sentence on procedural grounds.