**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0760n.06

No. 11-5369

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** | | **FILED** |
| **FOR THE SIXTH CIRCUIT** | | ***Jul 13, 2012*** |
| | | LEONARD GREEN, Clerk |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| SAMUEL M. ASHBY, MD, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SILER and KETHLEDGE, Circuit Judges; MURPHY, District Judge.[*]

PER CURIAM.  Samuel M. Ashby appeals the 108-month sentence imposed upon his guilty plea to charges of distribution of oxycodone, health care fraud, and income tax evasion.

Ashby, who was a licensed physician, wrote prescriptions for pain medication to people he had not examined in exchange for cash that he did not report as income for tax purposes.  His customers claimed insurance benefits for the prescriptions they had filled.  The guidelines sentencing range was calculated at 108 to 135 months.  Ashby did not object to the guidelines sentence calculation, but moved for a variance.  He argued that he could not repeat his crimes because he had lost his medical license, and that a sentence within the guidelines range would be too severe considering his age, 62.

---

[*]The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

At the sentencing hearing, Ashby repeated the arguments raised in his motion, but the district court found no persuasive reason to grant a downward variance. Ashby was sentenced at the bottom of the guidelines range.

Ashby challenges his sentence on appeal, arguing that the district court erred in presuming that a guidelines sentence would be reasonable, and in failing to consider that his age rendered the sentence greater than necessary. We review a criminal sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Ashby cites *Nelson v. United States*, 555 U.S. 350 (2009) (per curiam), as authority for the proposition that the district court may not presume a guidelines sentence is reasonable. The instant case is distinguishable from *Nelson*, however, because the sentencing judge here never stated that it presumed a guidelines sentence was reasonable. There is nothing wrong with using the guidelines sentence as a benchmark if the court finds no persuasive reason to grant a variance. *See United States v. Davila-Gonzalez*, 595 F.3d 42, 47-8 (1st Cir. 2010). Here, the district court stated that a guidelines sentence was necessary to reflect the seriousness of the offense, promote respect for the law, and deter others from similar criminal conduct.

Ashby argues that the district court should have considered his age and the fact that recidivism was unlikely, pointing to *United States v. Carter*, 538 F.3d 784, 791-92 (7th Cir. 2008). The district court was within its discretion in determining that the factors upon which it explicitly based the sentence were more important than the apparently unlikely chance of recidivism in this case. The court indicated that it had considered Ashby's age and health, and recommended that he be housed in a medical facility. The fact that Ashby desired a more lenient sentence is insufficient

to disturb the reasoned judgment of the district court. *See United States v. Trejo-Martinez*, 481 F.3d

409, 413-14 (6th Cir. 2007).

Accordingly, the district court's judgment is affirmed.