ROTH, Circuit Judge,
dissenting:
I respectfully dissent because I believe that we should not remand for resentenc-ing where the need for resentencing could easily have been avoided by requiring Flores-Mejia to have contemporaneously objected to the District Court’s explanation of his sentence.
The majority concludes that we must vacate and remand for resentencing because the District Court did not meaningfully consider Flores-Mejia’s argument that his attempts at cooperation warranted a lower sentence. The majority holds that we are precluded from applying plain error review to Flores-Mejia’s claim even though, when sentence was imposed, Flores-Mejia did not object to the District Court’s failure to consider his argument. The majority insists that this is so because under our precedent in United States v. Sevilla, a defendant need not “re-raise [issues] to avert plain error review.” 541 F.3d 226, 231 (3d Cir.2008). I submit that, in the interests of justice and of judicial economy, our holding in Sevilla should be revisited. In any event, I submit that the District Court’s judgment of sentence here should be affirmed.
I.
In Sevilla, we directly addressed the question of whether a defendant, who raises an argument during the sentencing proceedings, must object when the District Court fails to address the argument at the time sentence is imposed. 541 F.3d at 228. We answered in the negative, citing to our en bane opinion in United States v. Grier, 475 F.3d 556, 571 n. 11 (3d Cir.2007), where we had noted that “an objection to the reasonableness of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a).” 541 F.3d at 231. *228 Beyond the reliance on Grier, the Sevilla opinion offered no further justification for its holding.
For several reasons, the holding in Sev-illa is flawed. First, as the government asserts, the cited portion of Grier is dictum and thus not binding on our Court. In Grier, we addressed the substantive reasonableness of the District Court’s sentence, not the issue presented in Sevilla and in the instant case, namely what standard of review applies where the defendant challenges whether the District Court adequately addressed an argument presented at sentencing. Because the Sevilla opinion contains scant justification for its holding beyond its reliance on Grier, there is good reason to revisit it.
Furthermore, the rule articulated in Sevilla conflicts with precedent in most other circuits, which apply plain error review where the defendant did not object at sentencing to the District Court’s explanation of the sentence. See, e.g., United States v. Davila-Gonzalez, 595 F.3d 42, 47-48 (1st Cir.2010); United States v. Villafuerte, 502 F.3d 204, 211 (2d Cir.2007); United States v. Mondragon-Santiago, 564 F.3d 357, 361 & n. 2 (5th Cir.2009); United States v. Judge, 649 F.3d 453, 457-58 (6th Cir.2011); United States v. Anderson, 604 F.3d 997, 1003 (7th Cir.2010); United States v. Rice, 699 F.3d 1043, 1049 (8th Cir.2012); United States v. Rangel, 697 F.3d 795, 805 (9th Cir.2012); United States v. Romero, 491 F.3d 1173, 1177-78 (10th Cir.2007); United States v. Wilson, 605 F.3d 985, 1033-34 (D.C.Cir. 2010).[1] As the majority recognizes, even the Supreme Court has indicated a prefer *229 ence for requiring the defendant to object in order to preserve issues for appeal. See Puckett v. United States, 556 U.S. 129, 134, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (“This limitation on appellate-court authority serves to induce the timely raising of claims and objections, which gives the district court the opportunity to consider and resolve them.”).
Finally, there are convincing reasons why plain error review in these circumstances would aid the administration of justice. Requiring a defendant to contemporaneously object to an error in sentencing facilitates the quick resolution of such errors. As the Supreme Court observed, “errors are a constant in the trial process,” and when a defendant contemporaneously objects, the district court “can often correct or avoid the mistake so that it cannot possibly affect the ultimate outcome.” Puckett, 556 U.S. at 134, 129 S.Ct. 1423 (internal quotation marks and citation omitted). Plain error review in circumstances like these advances the public interest because “ [requiring the error to be preserved by an objection creates incentives for the parties to help the district court meet its obligations to the public and the parties.” Villafuerte, 502 F.3d at 211. By encouraging defendants to make objections before the court most equipped to resolve the errors efficiently and effectively, a rule applying plain error review in cases like these arguably promotes better sentencing practices.
The Fourth Circuit, the only other circuit to affirmatively adopt the same rule as Sevilla, commented that “[rjequiring a party to lodge an explicit objection after the district court explanation would saddle busy district courts with the burden of sitting through an objection-probably formulaic-in every criminal ease.” Lynn, 592 F.3d at 578 (internal quotation marks and citation omitted). I do not agree. Sentencing is a complex process, and a district court judge at sentencing must meet numerous requirements. Objections, even if time-consuming at the time of sentencing, serve the important purpose of reminding the judge of these requirements and allowing the judge to immediately remedy omissions and clarify inadequate explanations. The rule adopted in Sevilla (and Lynn) arguably imposes a greater burden on busy district courts by depriving them of contemporaneous notice of errors and of the opportunity to correct those errors. Cf. Judge, 649 F.3d at 458 (“[Presenting the district court with substantive arguments is not the same as making an objection to the district court’s explanation of its consideration of those arguments.”). The time and resources required to correct errors through a lengthy appeal and resen-tencing pale in comparison to the burden of sitting through objections.[2] As such, the Sevilla rule results in a great waste of judicial resources. Our strong interest in judicial economy, heightened in these times of fiscal restraint and judicial budgetary concerns, argues in favor of a rule applying plain error review.
For the foregoing reasons, I believe that Sevilla is poor precedent and should be revisited.
*230 II.
Moreover, even under Sevilla, I believe that in this case we should affirm the District Court’s sentence. The majority holds that the District Court did not meaningfully consider Flores-Mejia’s argument, reasoning that this is an “a fortiori case under Sevilla.” (Majority Op. at 226). In Sevilla, we noted that “[although the [District] Court considered Sevilla’s role in the crime compared to that of his co-conspirators, it did not address Sevilla’s colorable arguments relating to his childhood and the crack/powder disparity other than to say that it had ‘considered all of the [§ ] 3553(a) factors.’ ” 541 F.3d at 232. On that basis, we held that the district court did not meaningfully consider the childhood and crack/powder disparity arguments. Id.
The instant case is distinguishable from Sevilla.[3] Here, the District Court specifically responded to the argument at issue on appeal. After Flores-Mejia’s counsel concluded her argument regarding Flores-Mejia’s attempts at cooperation, the District Court stated “OK thanks, anything else?” In view of the obvious discussion before the District Court of Flores-Mejia’s argument and the District Court’s comment in response, I believe we can conclude that the District Court gave meaningful consideration to the argument. The Supreme Court has held, “[w]here ... the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.” Rita v. United States, 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Because I believe that the record makes clear that the District Court gave meaningful consideration to Flores-Mejia’s argument for a lower sentence based on his attempts at cooperation, I believe the District Court’s sentence should be affirmed.
III.
For the foregoing reasons, Sevilla should be revisited. Even if it is not, however, the District Court’s judgment of sentence here should be affirmed.

. Only the Fourth Circuit has affirmatively adopted the same approach as Sevilla. See United States v. Lynn, 592 F.3d 572 (4th Cir.2010). In Sevilla, we suggested that the Seventh, Eighth and Eleventh Circuits disagreed with the plain error review approach adopted by the majority of circuits. This is not accurate. The cases from these circuits cited in Sevilla did not address the same question at issue in Sevilla, i.e., whether a defendant must object to the district court’s explanation of the sentence to preserve the issue for appeal. See United States v. Dale, 498 F.3d 604, 610 n. 5, 611-12 (7th Cir.2007) (whether defendant must object to substantive reasonableness of sentence to preserve issue for appeal); United States v. Swehla, 442 F.3d 1143, 1145 (8th Cir.2006) (whether defendant must object to substantive reasonableness of sentence to preserve issue for appeal); United States v. Williams, 438 F.3d 1272, 1274 (11 th Cir.2006) (whether a court’s failure to comply with 18 U.S.C. § 3553(c)(1) is reviewed for plain error). In fact, the Seventh Circuit has adopted plain error review in circumstances similar to those in Sevilla. See, e.g., United States v. Anderson, 604 F.3d 997, 1003 (7th Cir.2010) (reviewing for plain error defendant's claim that the district court failed to properly consider the 18 U.S.C. § 3553(a) factors in sentencing him to supervised release where defendant did not object at sentencing); United States v. Corona-Gonzalez, 628 F.3d 336, 340 (7th Cir.2010) (reviewing for plain error, where defendant failed to object at sentencing, defendant’s claim that the district court relied on incorrect facts at sentencing); but cf. United States v. Bartlett, 567 F.3d 901, 910 (7th Cir.2009) (finding defendant preserved his appellate options even though he did not object at sentencing because he argued for a lower sentence and under Federal Rule of Criminal Procedure 51(b) "[ejxceptions to rulings or orders of the court are unnecessary.” (quoting Fed. R.Crim.P. 51(b))). The Eighth Circuit has also applied plain error review where the defendant did not object to the District Court’s explanation of the sentence. See United States v. Rice, 699 F.3d 1043, 1049 (8th Cir.2012) (reviewing for plain error where ■ the defendant did not object to the district court's explanation of the sentence at sentencing but argued on appeal that the district court failed to adequately explain its reasons for denying a downward departure or variance). And the Eleventh Circuit, although it has not addressed this issue in a precedential decision, has applied plain error review to claims of procedural unreasonableness in non-precedential opinions, see, e.g., United States v. Girard, 440 Fed.Appx. 894, 901 & n. 6 (11th Cir.2011).

. Resentencing imposes a significant burden on district courts: not only do district courts have to find time in their busy dockets to revisit errors that could have been resolved with a contemporaneous objection at the original sentencing but they also have the burden of reassembling the parties involved, the prisoner/defendant, the attorneys, witnesses, and law enforcement authorities. Moreover, new arguments may have arisen which that will now require consideration at resentencing. See Pepper v. United States, - U.S. -, 131 S.Ct. 1229, 179 L.Ed.2d 196 (2011) (holding that at resentencing a district court may consider post-sentencing rehabilitation).

. The government argues that Sevilla overlooked and conflicted with controlling Supreme Court precedent in Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). I do not adopt that argument here but rather assert only that this case is distinguishable from Sevilla.