# United States Court of Appeals
## For the First Circuit

Nos. 19-1562
     19-1565

UNITED STATES OF AMERICA,

Appellee,

v.

RAFAEL ANTONIO SANTA-SOLER,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Thompson, Selya, and Barron,
Circuit Judges.

Eric Alexander Vos, Federal Public Defender, and Franco L. Pérez-Redondo, Assistant Federal Public Defender, Supervisor, Appeals Division, on brief for appellant.
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Antonio L. Perez-Alonso, Assistant United States Attorney, on brief for appellee.

January 14, 2021

**SELYA**, **Circuit Judge**. These consolidated appeals are brought by defendant-appellant Rafael Antonio Santa-Soler. The first appeal relates to the defendant's sentence following his conviction on a charge of being a felon in possession of a firearm. The second appeal relates to the defendant's sentence following the revocation of a supervised release term imposed in connection with a prior, unrelated conviction.[1] Concluding, as we do, that the defendant's claims of error are unavailing, we affirm the challenged sentences.

## I. BACKGROUND

Where, as here, a defendant appeals sentences imposed following guilty pleas, we draw the facts from the plea colloquy, the unchallenged portions of the presentence investigation report (PSI Report), and the sentencing transcript. See United States v. Miranda-Díaz, 942 F.3d 33, 37 (1st Cir. 2019); United States v. Dávila-González, 595 F.3d 42, 45 (1st Cir. 2010). On September 9, 2018, police officers in Puerto Rico received a call from a witness who had seen the driver of a black Mercedes pointing a firearm at an unknown individual. Upon locating the vehicle, officers observed the defendant disembarking from it. They detained the defendant, administered a breathalyzer test, discovered that his blood-alcohol level was 0.163, and arrested him for driving under

---

[1] With the consent of the parties, both of the challenged sentences were imposed during the same disposition hearing.

- 2 -

the influence of alcohol. Incident to the arrest, the police also impounded the vehicle. Upon searching it the next day, they recovered a stolen nine-millimeter caliber pistol with a round in the chamber.

At the time of his arrest, the defendant was a federally convicted felon, having been found guilty of two carjackings in 2008 and sentenced to prison. Cognizant of this history, a federal grand jury sitting in the District of Puerto Rico returned an indictment charging the defendant with unlawful possession of a firearm and ammunition by a convicted felon. See 18 U.S.C. § 922(g)(1). The charged conduct was committed while the defendant was serving a term of supervised release traceable to his carjacking convictions and the subsequent revocation of supervised release terms imposed in connection with his sentence for those convictions.[2] The defendant pleaded guilty to the felon-in-possession charge and stipulated that he had violated the conditions of the ongoing supervised release term.

The probation department prepared the PSI Report, which calculated the defendant's guideline sentencing range (GSR) at 46 to 57 months based on a total offense level of 19 and a criminal

_____

[2] While serving the supervised release term attached to his carjacking sentence, the defendant was twice arrested for other crimes: drug-trafficking and domestic violence, respectively. Each of these crimes resulted in the revocation of an ongoing term of supervised release and — eventually — in the imposition of a new term of supervised release.

history category of IV.  The defendant did not challenge these calculations.  He did, however, file a sentencing memorandum requesting a sentence at the bottom of the GSR with respect to the felon-in-possession charge.  He also requested that any sentence resulting from the revocation of supervised release run concurrently with the sentence imposed on the felon-in-possession charge.

On May 15, 2019, the district court convened a joint disposition hearing for both the felon-in-possession charge and the supervised release revocation.  See supra note 1.  With respect to the former, the court reviewed the defendant's criminal history. In the course of this review, it mentioned certain of the defendant's prior arrests but made clear that those arrests had not ripened into convictions.  After indicating that it had reviewed the sentencing factors limned in 18 U.S.C. § 3553(a), the court imposed an upwardly variant prison sentence:  66 months. The court decreed that this term of immurement should be served consecutive to any term of immurement imposed as a result of the revocation of the defendant's supervised release.

With respect to the supervised release violation, the court noted that the offense triggering the revocation of supervised release was a Class C felony and, thus, allowed the imposition of an incarcerative sentence up to a maximum of 24 months.  See 18 U.S.C. § 3583.  Explaining, inter alia, that the

defendant's supervised release had been revoked twice before, the court proceeded to pronounce a 24-month sentence.

The defendant separately appealed each of these sentences. Those appeals are presently before us.

## II. ANALYSIS

The defendant advances discrete claims of error with respect to each of the imposed sentences. We treat these claims separately, starting with the felon-in-possession sentence.

### A.

The defendant assigns error to the felon-in-possession sentence on two grounds. First, he argues that the district court improvidently relied on his arrest record (which includes arrests that did not result in convictions). Second, he argues that the court failed to provide an adequate explanation for the sentence imposed.

As a general matter, we review sentencing challenges for abuse of discretion. See Gall v. United States, 552 U.S. 38, 56 (2007); United States v. Clogston, 662 F.3d 588, 590 (1st Cir. 2011). That standard of review applies to the defendant's arrest-record claim, which was raised below.

Even so, the defendant's claim that the district court impermissibly relied on his prior arrests does not hold water. To support this claim, the defendant points to a series of cases holding that a sentencing court cannot rely on an unembellished

arrest (that is, an arrest not leading to a conviction) as an adverse sentencing factor.  See, e.g., United States v. Marrero-Pérez, 914 F.3d 20, 22-23 (1st Cir. 2019); United States v. Gallardo-Ortiz, 666 F.3d 808, 815 (1st Cir. 2012); United States v. Zapete-García, 447 F.3d 57, 60-61 (1st Cir. 2006).  Although those cases are good law, they are inapposite here.

The short of it is that the defendant's argument sweeps too broadly.  Although a sentencing court may be prohibited from relying on a defendant's arrest record simpliciter as an adverse sentencing factor and from drawing inferences of guilt from such an unembellished arrest record, see Marrero-Pérez, 914 F.3d at 22, sentencing courts are not prohibited from simply recounting a defendant's arrest history.  It follows that a sentencing court's mere mention of a defendant's arrest record as a matter of historical fact, without more, does not constitute an abuse of discretion.  See United States v. Díaz-Lugo, 963 F.3d 145, 153 (1st Cir. 2020) ("[A] sentencing court does not abuse its discretion merely by reciting a defendant's arrest record.").

In this case, there was no "more."  The record shows with conspicuous clarity that the sentencing court did not "rel[y] on an arrest report" in fashioning the challenged sentence. Miranda-Diaz, 942 F.3d at 39-40 (quoting Marrero-Pérez, 914 F.3d at 24).  The converse is true:  the court stated in no uncertain

terms that the defendant's prior arrests, not leading to convictions, were "not considered for the sentence."

Despite this disclaimer, the defendant clings to Marrero-Pérez, 914 F.3d at 22, to support the proposition that district courts may not reference defendants' arrest histories at sentencing. But the defendant's reliance on Marrero-Pérez is misplaced. There, the sentencing court expressly based the need for a higher sentence on the defendant's arrest history. See id. Here, by contrast, the district court drew no such inference, going so far as to state explicitly that the defendant's arrest history had no impact on his sentence. There was no abuse of discretion.

The defendant's next claim of error posits that the sentencing court did not provide a sufficient explanation for imposing an upward variance. Because this challenge is raised for the first time on appeal, our review is for plain error. See United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001). As we have repeatedly said, "[t]he plain error hurdle is high." United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989). To demonstrate plain error, an appellant must show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Duarte, 246 F.3d at 60. The proponent

of plain error must make all four showings in order to prevail. See United States v. Pinkham, 896 F.3d 133, 136-37 (1st Cir. 2018).

In this instance, we discern no error, plain or otherwise. The court below furnished adequate reasons for the sentence imposed: it cited, among other things, the defendant's checkered criminal history (that is, his record of convictions), his prior interactions with illicit drugs, his repeated disregard for supervised release conditions (leading to a total of ten supervised release violations and three revocations), his lack of any meaningful record of employment, and the egregious nature of his offense conduct.[3] The court's explanation was adequate, bearing in mind that "[e]ven when we are reviewing a significant upward variance, we must afford 'due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" Miranda-Diaz, 942 F.3d at 42 (quoting United States v. Vargas-García, 794 F.3d 162, 167 (1st Cir. 2015)).

That ends this aspect of the matter. We hold, without serious question, that the sentence imposed on the felon-in-possession conviction survives the defendant's challenge.

---

[3] The offense of conviction involved possession of a stolen firearm, loaded and ready to fire. Moreover, there was evidence that the defendant had pointed the gun at an individual while he (the defendant) was heavily inebriated.

## B.

This brings us to the defendant's appeal of the sentence imposed in connection with the revocation of his supervised release term. The defendant contends that the sentence is substantively unreasonable, attributing this alleged shortcoming in large part to the court's failure to consider and/or give appropriate weight to mitigating factors as required by 18 U.S.C. § 3553(a).[4] This claim of error engenders abuse-of-discretion review. See Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020).

We assess challenges to the substantive reasonableness of a sentence by asking whether the challenged sentence "is supported by a plausible sentencing rationale and reaches a defensible result." United States v. Cameron, 835 F.3d 46, 52 (1st Cir. 2016) (quoting United States v. Breton, 740 F.3d 1, 19 (1st Cir. 2014)). Here, the defendant's primary argument is that this standard is not satisfied because the sentencing court failed properly to weigh certain section 3553(a) factors (specifically, the defendant's mental health history and personal characteristics).

To begin, the defendant submits that the district court totally disregarded the mitigating factors. He stresses that the

---

[4] As a technical matter, the defendant predicates this failure on noncompliance with 18 U.S.C. § 3583(e). That statute, though, simply directs a sentencing court to 18 U.S.C. § 3553.

court made no explicit mention of the mitigating factors with respect to the revocation sentence but, rather, only mentioned those factors with respect to the felon-in-possession sentence. This discussion, the defendant notes, did not take place until after the court handed down the revocation sentence.

The defendant's argument artificially compartmentalizes what transpired at the disposition hearing. A sentencing court's comments must be read as a whole. See Dávila-González, 595 F.3d at 48-49. Here, the sentencing transcript, read as a whole, makes manifest that the court discussed a multitude of factors specific to the defendant's overall situation. Although the court did not walk through the section 3553(a) factors one by one before imposing a sentence for the supervised release revocation, it did demonstrate its awareness of those factors during the hearing. This discussion obviously informed both of the sentences imposed and sufficed to show the court's familiarity with the section 3553(a) factors insofar as those factors related to both of the sentencing determinations. See id. at 49 (finding that district court properly weighed section 3553(a) factors even though no one factor was specifically mentioned at sentencing).

In addition, we find that the district court clearly articulated its sentencing rationale. The court explicitly noted that the defendant had twice before had his supervised release revoked. It went on to explain that a maximal sentence was

justified because "[the defendant] has shown that he is unable to comply with the law or the conditions of supervision imposed by this Court." The court further explained that it had considered the policy statements of the sentencing guidelines as required by statute. See 18 U.S.C. §§ 3553(a), 3583(e).

The court's rationale was plausible: the defendant repeatedly demonstrated an inability to comply with the terms of supervised release. What is more, the crimes that the defendant committed while on supervised release — such as domestic violence, drug-trafficking, and possessing a stolen firearm following previous felony convictions — pose significant risks to the public. Against this backdrop, it was reasonable for the court to conclude — as it did — that the need for condign punishment, adequate deterrence, and respect for the rule of law warranted a maximum sentence. See Díaz-Lugo, 963 F.3d at 157; Vargas-Garcia, 794 F.3d at 167.

The defendant's attack on the plausibility of this rationale misses the mark. "Merely raising potentially mitigating factors does not guarantee" a particular result. Dávila-González, 595 F.3d at 49. So, too, it is incorrect to assume — as the defendant does — that his failure to persuade the court to impose a more lenient sentence implies that the mitigating factors he cites were overlooked. See United States v. Martins, 413 F.3d 139, 154 (1st Cir. 2005). On this record, the more appropriate

- 11 -

inference is that, in the court's view, the mitigating factors that the defendant highlighted were unpersuasive. See id.; see also United States v. Butler-Acevedo, 656 F.3d 97, 100-01 (1st Cir. 2011) (concluding that district court had considered mitigating factors not referenced in court's stated sentencing rationale). Here, moreover, the court acknowledged that it had reviewed the defendant's sentencing memorandum — a memorandum that discussed the defendant's mental health history and the other supposedly mitigating factors.

Last — but far from least — the sentence itself is defensible. After all, "[t]here is no one reasonable sentence in any given case but, rather, a universe of reasonable sentencing outcomes." Clogston, 662 F.3d at 592. In the case at hand, the court imposed the maximum available sentence — twenty-four months — after considering, inter alia, previous violations of supervised release and the severity of the offense that triggered the latest revocation. Taking into account the totality of the circumstances, we are satisfied that the sentence falls within the broad universe of reasonable outcomes. See id. at 593 (holding that weighing pertinent factors to determine sentence "is largely within the court's informed discretion"). That is game, set, and match. We conclude both that a twenty-four month sentence on the revocation charge is substantively reasonable and that the court below acted

within the encincture of its discretion in imposing such a sentence.[5]

## III. CONCLUSION

We need go no further. For the reasons elucidated above, the challenged sentences are

**Affirmed.**

---

[5] The defendant does not argue that his combined sentences are substantively unreasonable because the district court ordered them to run consecutively rather than concurrently. Given the wide latitude enjoyed by the district courts in determining whether sentences should run consecutively or concurrently, see 18 U.S.C. § 3584; see also United States v. Ocasio-Cancel, 727 F.3d 85, 89 (1st Cir. 2013) ("[T]he decision about whether to impose a concurrent or consecutive sentence normally lies within the district court's discretion."), any such argument would have faced a steep uphill climb.