# United States Court of Appeals
## For the First Circuit

No. 15-1312

UNITED STATES OF AMERICA,

Appellee,

v.

JEFFREY DELGADO-LÓPEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Linda Backiel on brief for appellant.
Mainon A. Schwartz, Assistant United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

September 21, 2016

**LYNCH**, **Circuit Judge**.  Charged with being an armed member of a drug-dealing conspiracy, Jeffrey Delgado-López pleaded guilty.  The district court accepted Delgado-López's plea and sentenced him to 33 months in prison for the drug count of the indictment, as well as 60 consecutive months for the accompanying weapons count.  Delgado-López did not attempt to withdraw his plea before the district court.

Delgado-López now seeks to vacate both his guilty plea and his sentence.  He argues that we must vacate his plea on Count Six, the weapons charge, because it was neither "knowing" nor rooted in a factual basis.  He also asserts that the district court erred by augmenting his Guidelines sentencing range on a mistaken belief that Delgado-López was on probation for a separate offense when he committed the crimes at issue here.  Finding no error on either score, we affirm.

I.

Delgado-López was indicted on April 23, 2014, as one of 48 defendants who had allegedly conspired to sell heroin, cocaine, and marijuana at public-housing projects in Mayagüez, Puerto Rico. The government agreed to abandon Counts Two through Five of the indictment if Delgado-López would agree, in exchange, to plead guilty to Count One, which charged him with participating in the conspiracy to possess illegal drugs with intent to distribute, see 21 U.S.C. §§ 841(a)(1), 846, 860, and Count Six, which charged him

with using or carrying a firearm in furtherance of the conspiracy, see 18 U.S.C. §§ 2, 924(c)(1)(A).

Delgado-López took the deal. On October 29, 2014, at his change-of-plea hearing, he stated that he was competent to plead, felt satisfied with his attorney, understood that he was waiving his constitutional right to a trial, and understood the nature and consequences of each charge to which he was pleading guilty. With respect to the weapons count, he told the district judge that he understood the charge but that the underlying allegation -- that he had used or carried a weapon -- was "a lie." The judge then explained that, "[w]hether [the allegation was] completely true or not completely true," Delgado-López was choosing to plead guilty to avoid the possibility that the government had enough evidence to prove the weapons charge at trial -- in which case, as the judge had explained earlier, Delgado-López would likely receive a considerably harsher sentence. Delgado-López confirmed that he understood that choice, that his attorney had explained the situation to him, and that he wanted to go forward with the plea.

Sentencing took place months later on February 12, 2015. Delgado-López did not object in court to the Presentence Investigation Report ("PSR"), which contained, in pertinent part, two additional criminal-history points in the calculation of his Guidelines range for participating in the conspiracy while he was

on probation.  See U.S.S.G. § 4A1.1(d).  That enhancement moved Delgado-López from Criminal History Category I to Category II, thereby shifting his Guidelines range for Count One upward from 30-37 months to 33-41 months.  See id. ch. 5, pt. A.  The district court chose to impose a 33-month sentence for Count One, at the bottom of the agreed-upon Guidelines range, as well as a mandatory-minimum 60-month sentence for Count Six.  See 18 U.S.C. § 924(c)(1)(A)(i).

This timely appeal under 28 U.S.C. § 1291 followed.

II.

Delgado-López failed to object to either of the two purported errors he now identifies.  So he faces the "heavy burden" of plain-error review and must prove not only a clear error but also that the error "affected [his] substantial rights [and] seriously impaired the fairness, integrity, or public reputation of judicial proceedings."  United States v. Ramos-Mejía, 721 F.3d 12, 14 (1st Cir. 2013) (quoting United States v. Duarte, 246 F.3d 56, 60 (1st Cir. 2001)).  He cannot meet this burden.

A.   Guilty Plea

Delgado-López first claims that his guilty plea was not "knowing" with respect to Count Six.  At the outset, we agree with Delgado-López that the appeal waiver in his plea agreement does not bar this claim.  "After all, if a plea is invalid, the plea agreement (and, thus, the waiver provision contained within it)

disintegrates." Id. But we need not dwell further on a moot point. We find no error, much less plain error,[1] in the district court's decision to accept Delgado-López's plea. See, e.g., United States v. Chambers, 710 F.3d 23, 27, 29 (1st Cir. 2013) (bypassing a similar waiver provision to reach, and reject, defendant's merits claim of involuntariness).

District courts must ensure that a defendant understands the nature of the charges against him before accepting his guilty plea. Fed. R. Crim. P. 11(b)(1)(G). A standard Rule 11 colloquy generally suffices. See, e.g., Ramos-Mejía, 721 F.3d at 15 ("[A] district court [ordinarily may] 'ascertain that a defendant is aware of the nature of the charge against him by reading the charge in the indictment to the defendant and obtaining his competent acknowledgment that he understands the charge.'" (quoting United States v. Delgado-Hernández, 420 F.3d 16, 26 (1st Cir. 2005))).

Having reviewed the transcript of Delgado-López's Rule 11 hearing, we are satisfied that the district court met these standards. The judge not only allowed but "beg[ged]" Delgado-López to confer with his lawyer until he understood the plea

---

[1] Because accepting the plea was not error, we need not consider the additional hurdles that plain-error review places in Delgado-López's path. For example, even if he could identify a "clear or obvious" error, he would still need to show "a reasonable probability that, but for the error, he might not have pled guilty." United States v. Urbina-Robles, 817 F.3d 838, 842 (1st Cir. 2016). It is clear that Delgado-López would have faced a much harsher sentence if he had been convicted after a trial.

agreement, including the disputed charge under § 924(c)(1)(A) for using or carrying a weapon. The judge then paused the hearing, telling Delgado-López and his attorney to take as much time as they needed to discuss the proposed deal. When Delgado-López returned to court, over three hours later, the judge carefully reiterated the mechanics, elements, and consequences of the plea agreement -- including an accurate synopsis of § 924(c)(1)(A).

Delgado-López now argues, belatedly, that intellectual and educational limitations impaired his understanding. That contention is not adequately supported by the record. The judge explained each point to Delgado-López until he said he understood, and we see this case as one in which "the circumstances attendant to the charged crime were straightforward . . . [and] a reading of the charge sufficed." Ramos-Mejía, 721 F.3d at 15.

Finally, Delgado-López contends that the record fails to establish a factual basis for the weapons charge. He points to his statement during the change-of-plea hearing -- that the allegation that he had been an armed seller was "a lie" -- and highlights the circumstantial nature of the government's evidence. However, the government's "necessary showing" to overcome this argument "is fairly modest," id. at 16, and the record contains an adequate factual basis for the plea on Count Six. The government was prepared to present evidence that a marshal witnessed a man throwing a gun from the window of an apartment, whose only

occupants were Delgado-López and his wife.  And two of Delgado-López's alleged cooperators were prepared to testify about his guilt on that count.  Given that the government's burden was "only [to] show a rational basis in fact for the defendant's guilt," id., there was no error in the district court's decision to accept these allegations as sufficient.

B.  Sentence

We also find no error, plain or otherwise, in the calculation of Delgado-López's Guidelines range.[2]  Section 4A1.1(d) imposes a two-point enhancement in a Criminal History Category calculation "if the defendant committed the instant offense while under any criminal justice sentence, including probation . . . ."

It has long been clear that "a sentencing court may consider facts contained in the [PSR] as reliable evidence," in the absence of any defense objection.  United States v. Cruz, 120 F.3d 1, 2 (1st Cir. 1997) (en banc); accord United States v. Fernández-Cabrera, 625 F.3d 48, 54 (1st Cir. 2010); United States v. Cintrón-Echautegui, 604 F.3d 1, 6 (1st Cir. 2010).  The district court was entitled to rely on the unobjected-to finding of the

---

[2]    We do not decide whether Delgado-López has waived, and not merely forfeited, this claim.  But "[t]here is a powerful case for waiver here," because "a defendant who eschews a warrantable objection to a conclusion reached in a presentence report lulls both the prosecution and the sentencing court into what will prove to be a false sense of security if he is later allowed to do an about-face."  United States v. Turbides-Leonardo, 468 F.3d 34, 38 (1st Cir. 2006).

probation officer that Delgado-López had still been on probation for prior offenses when he joined the drug conspiracy. And even if we were persuaded that the two-point enhancement constituted clear error, we would remain unconvinced that there is a "reasonable probability that the trial court, but for the error, would have imposed a different, more favorable sentence." United States v. Padilla, 415 F.3d 211, 221 (1st Cir. 2005) (en banc). Delgado-López's 33-month sentence on Count One is squarely within the lower Guidelines range to which he says he was entitled.

III.

For the foregoing reasons, we reject Delgado-López's claims of error and affirm his conviction and sentence.