**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 16-1706

UNITED STATES OF AMERICA,

Appellee,

v.

JONATHAN JAVIER CARMONA,
a/k/a Samuel Carrasquillo Rodriguez,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Lynch, Lipez, and Kayatta,
Circuit Judges.

Joshua L. Solomon and Pollack Solomon Duffy LLP on brief for appellant.
Craig Estes, Assistant United States Attorney, and William D. Weinreb, Acting United States Attorney, on brief for appellee.

April 14, 2017

**LYNCH**, **Circuit Judge**.  Jonathan Javier Carmona pled guilty to unlawfully reentering the United States as a deported alien and was sentenced to 36 months' imprisonment.  In this sentencing appeal, he argues that the district court procedurally erred in its Criminal History Category ("CHC") determination and that his sentence was also procedurally and substantively unreasonable.  We affirm.

## I.

We recount only the background necessary to understand the issues, drawing the facts from the Presentence Investigation Report ("PSR") and the transcript of the sentencing hearing.  See United States v. King, 741 F.3d 305, 306 (1st Cir. 2014).

Carmona, a native and citizen of the Dominican Republic, was convicted twice in Massachusetts courts on drug-trafficking charges.  On May 24, 2012, he was released from state prison, and a one-year probation term began.  He had been ordered removed during his incarceration and was deported on July 19, 2012.  See 8 U.S.C. § 1182(a)(2)(C), (a)(6)(A)(i).  Because the state probation office knew nothing about Carmona's immigration status or the reason for his disappearance, a violation of probation ("VOP") warrant issued on September 7, 2012.

Carmona reentered the United States in 2013, still without lawful status.  On March 3, 2015, he was arrested on the VOP warrant.  The warrant was withdrawn on March 4, 2015,

apparently because the state probation office realized why Carmona had disappeared, and the state court found no probation violation on March 12, 2015.

On April 9, 2015, a federal grand jury indicted Carmona for unlawful reentry as a deported alien. See id. § 1326(a). Carmona pled guilty on November 23, 2015, without a plea agreement.

Carmona's PSR, using the then-effective 2015 U.S. Sentencing Guidelines Manual, calculated Carmona's criminal history score as eight, resulting in a CHC of IV. The calculation included two points because Carmona had committed the federal reentry offense in 2013 while subject to the state VOP warrant. See U.S.S.G. § 4A1.1(d). Carmona's Guidelines Sentencing Range ("GSR") was 57 to 71 months.

On May 23, 2016, at the sentencing hearing, Carmona's counsel acknowledged that the GSR was correct, at least "as a matter of calculation." The government recommended a 57-month sentence. Carmona's counsel recommended a 24-month sentence. She urged the court both to depart downward from a CHC of IV to a CHC of III and to take heed of a proposed amendment to U.S.S.G. § 2L1.2, not scheduled to take effect until November 1, 2016, which would, if applied when it became effective, reduce Carmona's adjusted offense level and thus produce a lower GSR. The district court properly responded that it would consider the proposed amendment

- 3 -

but could not itself formally "adopt" the revised § 2L1.2 until Congress had first approved it.

The district court chose to impose a 36-month sentence, declining to depart downward under the Guidelines but granting a 21-month downward variance. There were no objections to the sentence.

## II.

A.   Criminal History Category

Carmona's argument as to his CHC is twofold. First, he claims that the district court erred by applying the two-point § 4A1.1(d) enhancement. In the alternative, he asserts that the court abused its discretion by rejecting his request for a downward departure.

Because Carmona did not object at sentencing to the § 4A1.1(d) enhancement, plain error review applies, and Carmona "must prove not only a clear error but also that the error 'affected [his] substantial rights [and] seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" United States v. Delgado-López, 837 F.3d 131, 134 (1st Cir. 2016) (alterations in original) (quoting United States v. Ramos-Mejía, 721 F.3d 12, 14 (1st Cir. 2013)).[1]

_____

[1]   We bypass whether Carmona affirmatively waived this argument by conceding at sentencing that his CHC and GSR had been properly calculated. See Delgado-López, 837 F.3d at 135 n.2.

- 4 -

Whether or not any error occurred, the CHC calculation was not the basis for Carmona's sentence.  See United States v. Ortiz, 741 F.3d 288, 293–94 (1st Cir. 2014) ("[T]he plain error standard imposes upon the appealing defendant the burden of showing a reasonable likelihood 'that, but for the error, the district court would have imposed a different, more favorable sentence.'" (quoting United States v. Turbides-Leonardo, 468 F.3d 34, 39 (1st Cir. 2006))).  The district court explicitly identified Carmona's "two not insignificant drug offenses" as the portion of Carmona's criminal history that "ha[d] impact with the [c]ourt" and further stated that it was "less troubled by [the] two points" added under § 4A1.1(d).  Those statements and the court's significant downward variance leave us certain that the court's choice of sentence did not depend on whether Carmona's GSR was calculated with or without the § 4A1.1(d) enhancement.[2]  See United States v. Tavares, 705 F.3d 4, 24–28 (1st Cir. 2013) (finding harmless any error in CHC calculation, because it was clear that the district court would have chosen the same sentence regardless of the CHC used).

---

[2]    Although "an incorrect [GSR]" is often independently "sufficient to show a reasonable probability of a different outcome absent the error," United States v. Hudson, 823 F.3d 11, 19 (1st Cir. 2016) (quoting Molina-Martinez v. United States, 136 S. Ct. 1338, 1345 (2016)), that is not the case here.  The record makes clear "that the district court thought the sentence it chose was appropriate irrespective of the [GSR]."  Molina-Martinez, 136 S. Ct. at 1346.

Finally, there was no abuse of discretion in the district court's decision not to depart downward, as urged by defense counsel. See United States v. Almeida, 748 F.3d 41, 53 (1st Cir. 2014) (explaining that a district court's "disagree[ment] with [a defendant] about the seriousness of his criminal history . . . does not approach an abuse of discretion"). Carmona maintains that a CHC of IV was not commensurate with the seriousness of his criminal history, but the record contradicts his claim: he was arrested for a second drug-trafficking crime while still on probation for the first, and he then reentered the United States illegally just eight months after being deported.

B.  Procedural and Substantive Reasonableness

Carmona's procedural reasonableness challenge, which we review only for plain error, amounts to a claim that the district court inadequately explained its choice of sentence and its reasons for rejecting Carmona's argument that a shorter sentence better fit the true nature of his criminal history. The record, however, makes the court's reasoning clear: the court gave consideration to the proposed § 2L1.2 amendment, which was helpful to Carmona, but also to the seriousness of Carmona's earlier crimes. "Although it is true that the district court did not explicitly address each of the appellant's arguments . . . , the court was not required to offer that level of elucidation." United States v. Dávila-González, 595 F.3d 42, 48 (1st Cir. 2010). And the court stated

explicitly that it had considered the factors set forth in 18 U.S.C. § 3553(a) -- a statement "entitled to some weight" in our procedural reasonableness review.  Id. at 49.  We see no error, much less plain error.

Carmona's substantive reasonableness challenge fares no better.  It is the "rare below-the-[GSR] sentence that [is] vulnerable" to such a challenge.  King, 741 F.3d at 310.  As often, "[t]hat the sentencing court chose not to attach to certain of the mitigating factors the significance that [Carmona] thinks they deserved does not make the sentence unreasonable."  United States v. Clogston, 662 F.3d 588, 593 (1st Cir. 2011).

## III.

We affirm Carmona's sentence.

- 7 -