# United States Court of Appeals
## For the First Circuit

No. 15-2154

UNITED STATES OF AMERICA,

Appellee,

v.

MIGUEL NIEVES-BORRERO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, Chief U.S. District Judge]

Before

Torruella, Thompson, and Barron,
Circuit Judges.

Luz M. Ríos-Rosario for appellant.
Jonathan L. Gottfried, Assistant United States Attorney, with whom Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Rosa Emilia Rodríguez-Vélez, United States Attorney, were on brief, for appellee.

May 1, 2017

**BARRON**, **Circuit Judge**.  This appeal requires us to review Miguel Nieves-Borrero's challenge to the 70-month prison sentence that he received after he pled guilty in the United States District Court for the District of Puerto Rico, pursuant to a plea agreement, to aiding and abetting a convicted felon in the possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.  We affirm the sentence.

## I.

In March of 2015, Nieves entered into a plea agreement with the government.  In that agreement, the parties calculated that Nieves' base offense level under the United States Sentencing Guidelines was 14, pursuant to U.S.S.G. § 2K2.1(a)(6).  The plea agreement then calculated that the offense level should be reduced by two levels due to Nieves' acceptance of responsibility, in accordance with U.S.S.G. § 3E1.1.  The plea agreement thus set forth a total adjusted offense level of 12.  The parties did not stipulate to a criminal history category ("CHC") and made no reference to any prior convictions of Nieves'.  The plea agreement noted that the recommended sentencing range under the Guidelines for a defendant with an offense level of 12 and a CHC of I is 10 to 16 months.  U.S.S.G. Ch. 5, Part A.  The plea agreement stipulated that "[t]he parties agree to recommend a term of imprisonment at the lower end of the applicable guideline range."

Prior to sentencing, but after the parties entered into a plea agreement, the Probation Office issued a pre-sentence report ("PSR"). The PSR set forth a base offense level of 26 for Nieves, which was higher than the base offense level that the plea agreement had set forth. The PSR used the higher figure because it noted that Nieves had two prior convictions, neither of which had been mentioned in the plea agreement. It then relied on these two prior convictions in calculating his base offense level pursuant to U.S.S.G. § 2K2.1(a)(1)(B), which provides for a base offense level of 26 where a defendant has previously "sustain[ed] at least two felony convictions of either a crime of violence or a controlled substance offense." The terms "crime of violence" and "controlled substance offense" are defined in the commentary to U.S.S.G. § 4B1.2.

The first of Nieves' prior felony convictions that the PSR identified as qualifying under U.S.S.G. § 2K2.1(a)(1)(B) was for fourth-degree aggravated battery under Article 122 of the Puerto Rico Penal Code. See P.R. Laws Ann. tit. 33, § 4750. The PSR specified that the conviction was "for conduct that qualifies as a crime of violence under USSG § 4B1.2."

The PSR identified the second of Nieves' qualifying convictions under U.S.S.G. § 2K2.1(a)(1)(B) as one for attempt to possess with intent to distribute controlled substances, in violation of Article 406 of the Puerto Rico Controlled Substances

- 3 -

Act.  See P.R. Laws Ann. tit. 24, § 2406.  The PSR specified that the conviction was "for conduct that qualifies as [a] controlled substances offense[] under USSG § 4B1.2."

The PSR also applied a two-level enhancement to the offense level under U.S.S.G. § 2K2.1(b)(1) because Nieves' present conviction was for conduct that involved five firearms, and applied a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  This resulted in a total adjusted offense level of 25 for Nieves.  The PSR also specified that Nieves had a CHC of III.  The PSR calculated that the resulting sentencing guidelines range was 70 to 87 months' imprisonment.  The PSR did not recommend a specific sentence.  Nieves did not object to the PSR.

Following the issuance of the PSR, Nieves pled guilty to aiding and abetting a convicted felon in the possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2.  At the sentencing hearing, the government recommended a sentence of 15 months' imprisonment.

The District Court noted the discrepancy between the Sentencing Guidelines range set forth in the plea agreement and the one set forth in the PSR, and specifically referred to Nieves' prior convictions specified in the PSR as qualifying offenses under U.S.S.G. § 2K2.1(a)(1)(B).  Nieves did not object.  The District Court then sentenced Nieves to 70 months' imprisonment.  Nieves now challenges his sentence on appeal.

Nieves first challenges the classification of his prior convictions as ones that suffice to trigger the application of U.S.S.G. § 2K2.1(a)(1)(B). However, Nieves failed to raise this objection below. The government contends that, in consequence, Nieves has waived this challenge. See United States v. Turbides-Leonardo, 468 F.3d 34, 38 (1st Cir. 2006). Nieves responds that he merely forfeited it and thus that we must review it for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). We need not address whether or not Nieves' failure to object to the PSR constitutes a waiver, because Nieves fails to demonstrate that plain error occurred.[1] See United States v. Delgado-López, 837 F.3d 131, 135 n.2 (1st Cir. 2016) (declining to decide whether defendant waived or forfeited objection to PSR where objection was meritless in any case). And so we proceed to our reasons for rejecting the substance of his challenge.

**A.**

Nieves first contends that his conviction for fourth-degree aggravated battery under Article 122 of the Puerto Rico Penal Code, see P.R. Laws Ann. tit. 33, § 4750, cannot constitute

---

[1] On plain error review, Nieves must show (1) that an error occurred (2) which was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings. United States v. Serrano-Mercado, 784 F.3d 838, 845 (1st Cir. 2015).

a "crime of violence" under U.S.S.G. § 2K2.1(a)(1)(B), as defined in U.S.S.G. § 4B1.2. Under what is known as § 4B1.2's force clause, a prior conviction constitutes a "crime of violence" if the conviction is "punishable by imprisonment for a term exceeding one year" and "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (effective Nov. 1, 2014). In addition, under what is known as the guideline's residual clause, a prior conviction constitutes a crime of violence if the conviction "involves conduct that presents a serious potential risk of physical injury to another." Id. § 4B1.2(a)(2). Nieves contends that the aggravated battery conviction cannot constitute a "crime of violence" under either clause.

With respect to the residual clause, Nieves contends that it is unconstitutionally vague under Johnson v. United States, 135 S. Ct. 2551 (2015), which held unconstitutional a similarly worded clause in the Armed Criminal Career Act, 18 U.S.C. § 924(e)(2)(B)(ii), see id. at 2557. But although the government makes no argument to the contrary in its brief, the Supreme Court, following the briefing in this case, squarely rejected the contention that Johnson invalidates the residual clause in the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct. 886, 890 (2017). Thus, we reject Nieves' argument that, due to Johnson, his aggravated battery conviction cannot qualify under

- 6 -

the residual clause.  Cf. United States v. Thompson, No. 13-1822, 2017 WL 1076336, at *2 (1st Cir. Mar. 22, 2017) (declining, after Beckles, to be bound by the government's pre-Beckles concession that Johnson invalided the residual clause in the Sentencing Guidelines).

Moreover, even if we were to set aside the residual clause and focus solely on the force clause, as the parties did in their briefs to us, Nieves still cannot show plain error.  To determine whether a prior conviction counts as a crime of violence under the force clause, we must apply what is called the "categorical approach," under which "[w]e look to the elements of the prior convictions as defined by the relevant statute" and compare those elements "to the elements of the crimes described in the guideline's definition."  United States v. Castro-Vazquez, 802 F.3d 28, 35 (1st Cir. 2015).  But, as the government points out, on its face, Article 122 does not appear to apply to mere offensive touching -- which we have held sweeps too broadly to constitute a "crime of violence," see United States v. Fish, 758 F.3d 1, 9 (1st Cir. 2014) -- because Article 122 applies only where the defendant has injured another in a manner that "requires medical attention [or] specialized professional outpatient treatment."  P.R. Laws Ann. tit. 33, § 4750.  And Nieves makes no argument as to how Article 122 -- despite applying only where an injury requires medical attention or treatment -- sweeps more broadly than the

- 7 -

definition provided in the force clause.  As Nieves fails to argue how the statute applies to conduct beyond that encompassed by the force clause -- much less "point to his own case or other cases in which the state courts in fact did apply the statute" in such a manner, see Gonzalez v. Duenas-Alvarez, 549 U.S. 183, 193 (2007) -- Nieves has not shown plain error.

**B.**

Nieves next contends that the District Court erred by finding that his other prior felony conviction qualified as a predicate offense under § 2K2.1(a)(1)(B).  The PSR described that conviction as being for "[a]ttempt to possess with intent to distribute controlled substances," in violation of Article 406 of the Puerto Rico Controlled Substances Act.  See P.R. Laws Ann. tit. 24, § 2406.  Nieves does not contest this characterization of his prior conviction.  He contends only that the conviction cannot constitute a "controlled substance offense" under U.S.S.G. § 4B1.2 because it was for attempt to possess controlled substances with intent to distribute.  We do not agree.

The commentary to U.S.S.G. § 4B1.2 makes clear that a "controlled substance offense" "include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. 1 (emphasis added).  And while commentary to the Guidelines "must not be confused with gospel," such commentary "is generally authoritative" where it is not "arbitrary,

- 8 -

unreasonable, inconsistent with the guideline's text, or contrary to law." United States v. Duong, 665 F.3d 364, 368 (1st Cir. 2012) (citation omitted). We have, moreover, previously treated this particular commentary to § 4B1.2 as authoritative. See United States v. Piper, 35 F.3d 611, 617 (1st Cir. 1994) (relying on the commentary to § 4B1.2 in concluding that an Article 406 conviction for conspiracy to possess with intent to distribute over 100 kilograms of marijuana constitutes a controlled substance offense). Thus, Nieves fails to show plain error here as well.

## c.

Nieves finally argues that the District Court erred in classifying the two prior felony convictions as qualifying ones under U.S.S.G. § 2K2.1(a)(1)(B) because the District Court merely relied on the PSR's classification of those offenses and thus failed to fulfill what he contends was the District Court's obligation to apply the categorical approach to determine whether those offenses were qualifying. But Nieves did not make this argument below, and, reviewing for plain error, see United States v. Dávila-González, 595 F.3d 42, 47 (1st Cir. 2010), we find none. Even if we were to assume that the District Court had such an obligation and failed to perform it, we have already explained that Nieves provides us with no basis for concluding that his prior convictions were not qualifying predicate offenses under the categorical approach. He thus cannot show that his substantial

rights were affected by any error.  See United States v. Davis, 676 F.3d 3, 9-10 (1st Cir. 2012) (holding that a defendant failed to show plain error -- and specifically, that his substantial rights had been affected -- because he could not show that any error in determining whether his prior conviction qualified as a predicate for the career-offender enhancement was prejudicial).

## III.

Separately, Nieves contends that the District Court erred by failing to give sufficient weight to mitigating factors, as required by 18 U.S.C. § 3553(a).  Specifically, Nieves argues that the District Court failed to consider that Nieves "suffers from mild retardation and . . . went to school to a Special Education program until the 10th grade," was raised by a single mother "in a struggling situation," and has sought guidance and religion.  But Nieves did not raise this objection below either, and so, here, too, our review is only for plain error.  See Dávila-González, 595 F.3d at 47.  We, again, find none.

The District Court stated at sentencing that it was considering the § 3553(a) factors, and explicitly noted the following:

> [T]he defendant is 28 years of age, has one child, has a 10th grade education, he abandoned school in the 11th grade.  He was unemployed at the time of arrest, prior to that he was occasional[ly] employed doing odd jobs. The defendant is in good physical health.  However, he submitted to mental health treatment as a child.  He had learning disabilities and hyperactivity.  He also

- 10 -

received mental health treatment for anxiety as an adult under State custody.

The District Court did not refer individually to every mitigating factor Nieves now identifies. But the District Court did take the § 3553(a) factors into consideration. And, "[t]hough we require consideration of the § 3553(a) factors, we do not require . . . that each factor be individually mentioned." United States v. Lozada-Aponte, 689 F.3d 791, 793 (1st Cir. 2012). Accordingly, no plain error occurred.

**IV.**

The sentence is **<u>affirmed</u>**.