# United States Court of Appeals
## For the First Circuit

No. 19-1525

UNITED STATES,

Appellant,

v.

CARLOS MALDONADO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

Mark T. Quinlivan, Assistant United States Attorney, with whom Andrew E. Lelling, United States Attorney, was on brief, for appellant.

Samia Hossain, Assistant Federal Public Defender, with whom Miriam Conrad, Federal Public Defender, was on brief, for appellee.

February 18, 2021

**KAYATTA, Circuit Judge.** This appeal turns on whether a conviction under Massachusetts law for armed assault with intent to murder qualifies as a crime of violence under section 4B1.2(a) of the United States Sentencing Guidelines if the conviction was or may have been based on a joint venture theory under Massachusetts law as it stood in 2007. The answer to this question determines whether Defendant Carlos Maldonado is deemed a career offender under section 4B1.1(a) in the wake of his 2018 guilty plea to charges of distributing and possessing with intent to distribute cocaine.

In the district court, Maldonado advanced two arguments for why his prior conviction as a joint venturer for an otherwise admittedly violent crime does not qualify him for career-offender status. First, he argued that section 4B1.2(a)'s definition of "crime of violence" does not include convictions that were or may have been based on aiding another in committing a crime. In support of this argument, he necessarily asserted that Application Note 1 of the commentary to section 4B1.2, which expressly says that section 4B1.2(a)'s definition of "crime of violence" includes aiding and abetting any crime of violence, must be rejected as impermissibly expanding the actual guideline's definition. Second, he argued that even if section 4B1.2(a)'s definition of "crime of violence" includes aiding and abetting crimes of violence, joint venture liability under Massachusetts law as it

stood at the time of his conviction in 2007 was categorically broader than the aiding and abetting liability referred to in Application Note 1 because it did not require that each joint venturer share the principal's intent to commit the underlying offense.

The district court agreed with the second of these arguments, and perhaps the first as well (it is not entirely clear). It consequently calculated a Guidelines sentencing range of 15-21 months -- far lower than the 210-262 months that would have come with the career-offender designation. The district court then sentenced Maldonado to thirty months' imprisonment and six years of supervised release.

The government brought this appeal, arguing that the district court's decision not to apply the career-offender enhancement was error. After the parties filed briefs addressing Maldonado's two arguments for sustaining the district court's Guidelines calculation, this court issued opinions in two unrelated cases rejecting those very same arguments. See United States v. Lewis, 963 F.3d 16, 22-23 (1st Cir. 2020); United States v. Capelton, 966 F.3d 1, 6-10 (1st Cir. 2020).

In Lewis, we confirmed that under controlling circuit precedent, the definition of "crime of violence" under section 4B1.2(a) includes the variants described in Application Note 1 to that section. See 963 F.3d at 22-23; see also United

States v. Nieves-Borrero, 856 F.3d 5, 9 (1st Cir. 2017); United States v. Piper, 35 F.3d 611, 617-19 (1st Cir. 1994); United States v. Fiore, 983 F.2d 1, 2-4 (1st Cir. 1992). Those variants include "aiding and abetting." U.S.S.G. § 4B1.2, cmt. n.1. We therefore agree with the government, on de novo review, that Maldonado cannot avoid application of the career-offender guideline by arguing that Application Note 1 impermissibly expands the definition of "crime of violence" under section 4B1.2(a).

In Capelton, we found that, despite different language employed at different times, Massachusetts joint venture liability has since at least 1979 effectively required a showing of mens rea no different from the aiding and abetting liability referred to in Application Note 1 to section 4B1.2(a). See 966 F.3d at 6-10 (reviewing decades of Massachusetts caselaw). As such, we agree with the government that the district court erred to the extent that it concluded otherwise.

Maldonado argues that we must nevertheless affirm because the government never argued before the district court that the two respective mens rea requirements were the same. Rather, the government argued that the two were "not that far [apart]," given that Massachusetts joint venture law in 2007 required proof of the defendant's willingness to assist the principal in committing the crime. Therefore, contends Maldonado, the

government's appeal on this issue is subject to only plain error review.

Even were we to narrowly construe the government's preserved "not that far apart" argument, de novo review of that argument would lead us to ask what differences exist between the two mens rea formulations, and whether any differences are relevant to designating Maldonado's conviction as a crime of violence under the Guidelines. That in turn would lead us right back to the answer given in Capelton: Although the language differs, the two mens rea formulations effectively require the same showing of shared intent. 966 F.3d at 10. So a finding of forfeiture by the government would not in the end preserve Maldonado's victory -- rather, it would simply require the government to pursue a more circuitous route. All in all, it makes more sense to put the case on a direct path as now marked out by Capelton.

We therefore vacate the sentence and remand for resentencing in accord with this opinion. While this will call for a new calculation of the Guidelines sentencing range, nothing in this opinion otherwise limits in any way the district court's customary discretion in setting a just and appropriate sentence.