**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

Nos. 19-2128; 21-1510

UNITED STATES OF AMERICA,

Appellee,

v.

JUAN A. BAUZA-SAEZ,

Defendant, Appellant.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]
[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Kayatta, Thompson, and Gelpí,
Circuit Judges.

Carmen L. Soto-Tellado on brief for appellant in No. 19-2128.
Gregory B. Conner, Assistant United States Attorney,
W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, on brief for appellee.

Jorge L. Gerena-Mendez for appellant in No. 21-1510.
Gregory B. Conner, Assistant United States Attorney, with
W. Stephen Muldrow, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, and Maarja T. Luhtaru,
Assistant United States Attorney, on brief for appellee.

December 1, 2022

**GELPÍ**, **Circuit Judge**.  After pleading guilty to aiding and abetting carjacking under 18 U.S.C. § 2119(1) and (2), Juan A. Bauza-Saez ("Bauza-Saez" or "Appellant") was sentenced in November 2014 to 41 months of imprisonment and three years of supervised release under standard conditions, including that he not commit another offense.  Little did he learn from said experience.  In August 2018, approximately a year and a half after his release from prison, and while serving his supervised release term, Appellant and an accomplice committed another carjacking.  Armed with a firearm, they kidnapped the driver of the carjacked vehicle and demanded that she take them to her residence.  There, they assaulted her husband and threatened the couple with further violence.  Ultimately, the two men looted valuables and drove away in the vehicle.

The preceding facts are not in dispute.  Nor is the fact that Appellant was arrested and indicted for his new criminal conduct, to wit, carjacking, kidnapping, and firearms offenses.  As a result, the United States Probation Office also filed a motion notifying that Appellant had violated the conditions of his ongoing supervised release.  In July 2019, pursuant to a plea agreement, Appellant pled guilty in criminal case 3:18-cr-00697-1(FAB) ("Case No. 1") to carjacking under 18 U.S.C. 2119(1) and (2), as well as possessing and brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii).  In October

- 3 -

2019, the district court sentenced him to 204 months of imprisonment, 120 months for the carjacking count and 84 months for the firearm count, to be served consecutively. Subsequently, in June 2021, the district court, in case 3:14-cr-00217(JAG) ("Case No. 2"), revoked his supervised release term from the first carjacking case and sentenced him to 12 months' imprisonment to be served consecutively to the sentence imposed in Case No. 1.

Appellant now challenges both sentences -- arguing that each is procedurally and substantively unreasonable. We consolidate the appeals in this opinion. "Writing solely for the parties -- who know the facts, procedural history, and arguments presented," United States v. Vega La-Torres, No. 20-1888, 2022 WL 2758271, at *1 (1st Cir. July 14, 2022), we address each case seriatim.

**Appeal 19-2128, Case No. 3:18-cr-00697-1(FAB) ("Case No. 1")**

At the outset we note that Bauza-Saez did not preserve his procedural reasonableness claim by objecting during his sentence. As such, we review for plain error. United States v. Arroyo-Maldonado, 791 F.3d 193, 197 (1st Cir. 2015). Because Bauza-Saez requested a lower sentence in the district court, he nonetheless preserved his substantive reasonableness claim. Holguin-Hernandez v. United States, 140 S. Ct. 762, 766 (2020). We review the same under an abuse of discretion standard. Id. at

- 4 -

766-67; United States v. Rijos-Rivera, No. 21-1721, 2022 WL 17090378, at *3 (1st Cir. Nov. 21, 2022).

After following the mandated procedures -- determining the advisory guideline range, hearing from the parties as to the appropriate sentence, and weighing the Section 3553(a) factors[1] -- the district court sentenced Bauza-Saez. The district court judge considered the parties' sentencing recommendations -- Bauza-Saez's request at the low end of the plea agreement range (138 months) and the Government's request at the high end (181 months). However, it disagreed that even the high end of 181 months was an appropriate sentence, noting that this was Bauza-Saez's second carjacking offense. Next, it took into consideration the conduct of the current offense, that is, carjacking and kidnapping the victim, assaulting her husband and causing bodily injury, and further stealing and pawning their belongings. In sum, the district court understood that a variant sentence of 204 months more appropriately reflected the seriousness of the offense, promoted respect for the law, protected the public from further crimes by Bauza-Saez, and provided adequate deterrence and punishment.

We fail to see just how the district court plainly erred under our procedural-reasonableness caselaw. Bauza-Saez claims

---

[1] The parties did not lodge any objections to the presentence report.

that the district court did not properly weigh his mitigating circumstances (like, for example, his substance-abuse issues), only alluding to the same, and suggests that "[t]houghtful consideration of the circumstances of this case in light of the [Section] 3553(a) factors would have resulted in a lower sentence." The record evidences otherwise. "[I]t is incorrect to assume -- as [Bauza-Saez] does -- that his failure to persuade the court to impose a more lenient sentence implies that the mitigating factors he cites were overlooked." United States v. Santa-Soler, 985 F.3d 93, 99 (1st Cir. 2021). Plus, a sentencing court need not address every factor "one by one, in some sort of rote incantation." United States v. Dixon, 449 F.3d 194, 205 (1st Cir. 2006). And contrary to what Bauza-Saez suggests, the district court's explanation satisfies the requirements of procedural reasonableness, given how there is enough there to show us that it "considered the parties' arguments and ha[d] a reasoned basis" for the sentence. Rita v. United States, 551 U.S. 338, 356 (2007).[2]

As to the substantive reasonableness of the upward variance, the district court clearly did not abuse its discretion,

---

[2] Bauza-Saez claims that the district court erred by saying he has no dependents when he has two daughters. An unobjected-to portion of the presentence report mentioned the daughters but added that they are not his dependents. And the district court could rely on that unobjected-to part. United States v. Delgado-López, 837 F.3d 131, 135 (1st Cir. 2016). Moreover, it is evident that the district court was aware of this fact at the sentencing hearing.

even if the variance is indeed steep.  <u>United States</u> v. <u>Díaz-Lugo</u>, 963 F.3d 145, 157 (1st Cir. 2020).  Rather than being arbitrary, the district court's upward variance was justified as the court explicitly emphasized the violent offense conduct displayed by Bauza-Saez following his release from prison for his first carjacking conviction.[3]

Finally, Bauza-Saez, without much ado, claims that the interests of justice require his sentence to be vacated, as he faithfully entered a plea agreement.  Not respecting the sentence recommendation, in turn, violates the "fairness, integrity and reputation of judicial proceedings," he posits without any elaboration.  Such assertion does not find any support in our jurisprudence.  <u>See</u> <u>United States</u> v. <u>Díaz-Rivera</u>, 957 F.3d 20, 30 (1st Cir. 2020) ("To the extent [Defendant] argues that the sentence is substantively unreasonable simply because the court varied upwardly from the sentences the parties proposed in the plea agreement and at sentencing, he is wrong."); <u>United States</u> v. <u>Ubiles-Rosario</u>, 867 F.3d 277, 294 (1st Cir. 2017) (noting that a district court is not bound by the parties' recommendations); <u>United States</u> v. <u>Bermúdez-Meléndez</u>, 827 F.3d 160, 165 (1st Cir. 2016) (finding that a district court need not explain its rejection of the parties' recommendations).

---

[3] Bauza-Saez's sentencing-disparity and sentence-stacking suggestions are inadequately briefed and thus waived.

Thus, we uphold the district court's sentence as we find it both procedurally and substantively reasonable.

**Appeal 21-1510, Case No. 3:14-cr-00217(JAG) ("Case No. 2")**

Bauza-Saez's second appeal challenges the procedural and substantive reasonableness of his 12-month revocation sentence, imposed consecutively to that in Case No. 1. But his arguments do not persuade.

Bauza-Saez admits in his brief that he failed to preserve his procedural error claim, and we note that the district court in fact followed the required sentencing procedure. Moreover, and contrary to Bauza-Saez's assertion, the record below does not reflect that the district court erroneously felt bound by the sentencing guidelines, which we presume experienced judges to know. United States v. Vega-Salgado, 769 F.3d 100, 104 (1st Cir. 2014). Nor does the record show that the district court primarily punished Bauza-Saez for his new criminal conduct. Rather, the record shows that the district court -- when balancing the Section 3553(a) factors -- properly relied on Bauza-Saez's major breach of trust in committing serious violations on supervised release. See United States v. Tanco-Pizarro, 892 F.3d 472, 481 (1st Cir. 2018) (discussing "breach of trust"). As for his claim that the district court did not consider any mitigating evidence, he did not discuss any in his revocation sentencing memorandum or during his revocation sentencing. See United States v. Van Anh,

- 8 -

523 F.3d 43, 60 (1st Cir. 2008) (explaining that "[t]he district court can hardly be faulted for not adequately considering an argument that was never made to it"). And despite what he contends, the record also shows that the district court gave him a chance to allocute. See United States v. Pacheco, 727 F.3d 41, 49 (1st Cir. 2013) (discussing allocution).

Insofar as substantive reasonableness is concerned, we -- for the reasons already given -- reject Bauza-Saez's claim that the district court failed to consider mitigating evidence. We note too that the district court explicitly stated that it considered the factors set forth in Section 3553(a). Such a statement is "entitled to significant weight." United States v. Márquez-García, 862 F.3d 143, 145 (1st Cir. 2017) (quoting United States v. Santiago-Rivera, 744 F.3d 229, 233 (1st Cir. 2014)). Moreover, the district court referred to the factors it understood to carry greater weight, to wit, Bauza-Saez's violent recidivism, the seriousness of his supervised release violation, and the need to promote respect for the law. The district court was hence not required to explicate Appellant's supervised release revocation sentencing decision in further detail. See United States v. Butler-Acevedo, 656 F.3d 97, 101 (1st Cir. 2011). In sum, none of these matters come even close to plain error.

Ultimately, Bauza-Saez's challenge rests upon the preserved claim that his revocation sentence should run

concurrently to his new criminal sentence in Case No. 1.  Neither statute nor sentencing guidelines require, nor even suggest, that result.  Indeed, the guidelines provide that a revocation sentence should run consecutively to any other sentence being served, even if the other sentence gave rise to the supervised release revocation.   U.S.S.G. § 7B1.3(f).   The district court here specifically noted that a consecutive sentence was necessary "to comply with the purposes of . . . Section 3553 and to lend some meaning to revocation of supervised release."  Given this, we fail to find any abuse of discretion on the district court's behalf. To the contrary, the district court well recognized that punishment for supervised release violations serves an independent purpose than that of ordinary punishment for an offense itself.

**Affirmed.**